IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRENCE RHODETRIC PHILLIPS, (TDCJ-CID ##01678457) Petitioner, VS. WILLIAM STEPHENS, Respondent. | § § § § § § § § § § § § § CIVIL ACTION NO. H-14-2365 |

**MEMORANDUM AND OPINION**

The petitioner, Terrence Rhodetric Phillips, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for cocaine possession. The respondent filed a motion to dismiss on the ground that the petition was filed to late, and Phillips filed a response. (Docket Entry No. 10, 12). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

A jury convicted Phillips of cocaine possession and, on October 22, 2010, imposed a 35-year sentence. (Cause Number 1216069). The Fourteenth Court of Appeals of Texas affirmed Phillips's conviction on January 12, 2012, and the Texas Court of Criminal Appeals refused his petition for discretionary review on July 25, 2012. On January 17, 2013, Phillips filed an application for state habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order, on findings of the trial court, without a hearing, on July 3, 2013. *Ex parte Phillips,* Application No. 62,670-02 at cover.

On August 14, 2014, this court received Phillips's federal petition. It was filed when Phillips gave it to prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). The court presumes that Phillips deposited his federal petition in the prison mail on the date he signed it, August 12, 2014. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Phillips contends that his conviction is void because the prosecutor engaged in misconduct during voir dire and the jury was biased. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7). The threshold issue is whether this petition was filed too late to permit this court to consider the claims.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Phillips's conviction became final when the time for filing a petition for a writ of *certiorari* expired, ninety days after the Texas Court of Criminal Appeals denied review. (Supreme Court Rule 13.1 (West 2002)). The Texas Court of Criminal Appeals refused Phillips's petition for discretionary review on July 25, 2012.

The one-year limitations period began on October 23, 2012. Phillips waited 86 days, until January 17, 2013, before filing his state habeas application. The Texas Court of Criminal Appeals denied that application on July 3, 2013. At that time, 279 days of the one-year limitations period remained. The limitations period ended on April 8, 2014, but Phillips waited until August 12, 2014 before filing his federal petition. While a properly filed application for state postconviction relief tolls limitations, 28 U.S.C. § 2244(d)(2) (West 1997), that does not extend the date here.

Phillips does not identify any other grounds for equitable tolling, and the record discloses any none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that the confiscation of legal materials and an inadequate law library did not establish equitable tolling when these alleged impediments to filing were removed six months before the limitations period ended), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000), (alleged inadequacies in the prison law library and a lack of notice of AEDPA's requirements

did not warrant equitable tolling); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 528 U.S. 1007 (1999), (unfamiliarity with the legal process or lack of representation during the filing period did not warrant equitable tolling). Phillips's delay in filing his state habeas application mitigates against equitable tolling as well. *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied,* 529 U.S. 1099 (2000).

Phillips relies on the fact that he is an unskilled layperson to excuse the delay. He explains that he only recently found a fellow inmate who could help him file his federal petition. (Docket Entry No. 4). But ignorance of the law and the lack of legal assistance, even for an incarcerated prisoner, do not excuse late filing. *Felder v. Johnson,* 204 F.3d at 171. *Pro se* litigants are the rule, not the exception, in § 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993). Phillips's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Phillips does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Phillips from filing an application for federal habeas relief before the end of the limitations period, 28 U.S.C. § 2244(d)(1)(B), and claims do not relate to a constitutional right by the Supreme Court recognized within the last year and retroactively applied it to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Phillips's claims relate to his October 22, 2010 trial, and the alleged factual predicate for the claims was clear at the time. 28 U.S.C. § 2244(d)(1)(D).

The respondent's motion to dismiss, (Docket Entry No. 10), is granted. Phillips's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. Phillips's motion to file

a delayed petition, (Docket Entry No. 4), is reconsidered and denied. Any remaining pending motions are denied as moot.

The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Phillips has not made the showing necessary for issuance of a COA.

SIGNED on March 30, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge